IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| ROBERT L. BACKMAN, | Cause No. CV 25-116-BU-DWM |
| Plaintiff, | |
| vs. | ORDER |
| CITY OF BOZEMAN POLICE DEPARTMENT, et al., | |
| Defendants. | |

Plaintiff Robert L. Backman filed a 42 U.S.C. § 1983 Complaint alleging violations of his constitutional rights. (Doc. 2.) The Complaint failed to state a claim, but Backman was permitted to amend. Backman's Amended Complaint fails to state a claim upon which relief may be granted and is dismissed. (Doc. 8.)

The Court's prior Order is incorporated here. (Doc. 7.) Backman heeded much of it, and provided greater detail to elaborate his claims. The gist of Backman's claims is that he was convicted of two felonies after an arrest that, he contends, was not based on sufficient probable cause. (Doc. 8 at 12.) He also alleges, with far less detail, that he was arrested or charged in violation of his First Amendment freedom of expression. *Id.*

To recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would

1

render a conviction or sentence invalid, a 42 U.S.C. § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck v. Humphrey,* 512 U.S. 477, 486-487 (1994). A claim for damages related to a conviction or sentence that has not been invalidated is not cognizable under § 1983. *Id.* at 487. Backman affirmatively states that he has two convictions on his record for which he seeks monetary damages. This claim is barred by *Heck.*

Backman also alleges "Excessive use of lethal force," but states nothing more than that Defendant MacKinnon aimed a gun at him during the arrest. (Doc. 8 at 12.) Backman's claim fails to cross "the line from conceivable to plausible." *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009). Backman's Amended Complaint does not "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, at 678 (quotations omitted). If the factual allegations, accepted as true, "do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'— 'that the pleader is entitled to relief.'" *Id. (citing* Fed. R. Civ. P. 8(a)(2)).

In the context of the arrest of a man who had allegedly been pointing weapons at other drivers, a drawn weapon, without more, is not an excessive use of

force. Backman fails to state a claim for excessive force during his arrest.

Accordingly, it is HEREBY ORDERED:

1.    Backman's Amended Complaint is DISMISSED for failure to state a claim. The Clerk of Court is directed to close the case.

2.    The Clerk of Court is directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith.

3.    The Clerk of Court is directed to have the docket reflect that the dismissal of this Complaint counts as a strike against Backman within the meaning of 28 U.S.C. § 1915.

DATED this 26 day of March, 2026.

_____
Donald W. Molloy, District Judge
United States District Court

3